# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Toni Lynn Cooley

April 7, 2015

Case Nos. MI-2014-2473, MI-2014-2474, MI-2014-2475, MI-2014-2476

By Judge Dennis J. Smith

This matter came before the Court on March 13, 2015, for a hearing on Defendant's Motion To Strike. At the conclusion of the hearing, the Court delivered a partial ruling and took the matter under advisement.

*Background*

Defendant is charged with four separate counts of violating Va. Code § 33.1-56.2, "Designation of HOT Lanes" (replaced October 1, 2014, with minor amendments, as Va. Code § 33.2-503). Defendant's violations allegedly occurred on November 21, 2012, at 8:02 a.m.; November 21, 2012, at 12:15 p.m.; November 30, 2012, at 9:30 a.m.; and November 30, 2012, at 5:53 p.m. It is undisputed that Defendant had a transponder in her vehicle but toll payments were not received via the transponder. It is also undisputed that the tolls themselves amounted to $11.70, an amount which Defendant submitted on February 13, 2013. By that point, however, Defendant's account had accrued an additional $300 in administrative charges authorized by Va. Code § 33.1-56.3(C)(1), which Defendant did not pay. Transurban, the HOT lanes Operator, filed all four actions against Defendant on December 12, 2013, seeking recovery of the tolls ($11.70), one administrative fee per violation ($400), and four civil penalties ($50, $250, $500, and $1,000), for a total of $2,211.70.00. Defendant was found guilty in General District Court and appealed to the Circuit Court.

At the Circuit Court trial on January 8, 2015, Defendant pleaded not guilty to all charges. Transurban's witness, Alexis Brach, testified that she is an employee of Fanueil, Inc., the contractor engaged by Transurban to install and operate HOT lanes photo-enforcement systems at locations

where tolls are collected for the use of such HOT lanes. Transurban has also engaged with Fanueil to maintain records of violations and assist in enforcement of photographed violations, including sending notices of unpaid tolls and charges to defendants. Ms. Brach further testified that she has knowledge of how images are captured, is the custodian of the records, and has full access to the records.

With regard to Defendant, Ms. Brach testified that, in the ordinary course of business, she was made aware of violations in Fairfax County on the dates indicated in the summonses and received an affidavit regarding such violations from Nick Barr, Vice-President of operations for Fanueil, and, upon review, determined the information in the affidavit to be true and accurate. She identified the photographs from each alleged violation, and they were admitted into evidence. Letters regarding notices of violations were sent to Defendant, and Transurban business records show that no payments were made by her for travel on those dates and times. Finally, Ms. Brach testified Defendant admitted in the General District Court trial that she was the owner and operator of the vehicle on the dates in the summonses.

After presentation of evidence by Transurban, Defendant made a Motion To Strike. Before full argument was heard, the Court recognized that the issues, and in particular the constitutional issues, were being raised by Defendant without fair notice to the Court and to Transurban. The Court, therefore, set the Motion To Strike for March 13, 2015, with a briefing schedule. Defendant's brief on her Motion To Strike argued violation of a statute of limitations, lack of standing, failure to state a *prima facie* case, failure to provide reasonable notice, failure to comply with Rule 1:4 and Va. Code § 8.01-271.1, violation of the Eighth Amendment of the United States Constitution, and violation of the Fourteenth Amendment of the United States Constitution. A responsive brief was filed by Transurban.

After the hearing on March 13, 2015, the Court denied the Motion To Strike for failure to prove a *prima facie* case by finding that, considering the evidence presented in a light most favorable to Transurban and granting Transurban all reasonable inferences from that evidence, Transurban had proved its case beyond a reasonable doubt. Having decided that prong of the Motion To Strike, the Court was not required to determine whether the lesser standard of proof of preponderance of the evidence was required by the relevant statute. The Court took the remaining arguments under advisement. Both sides submitted additional briefing on Eighth Amendment issues raised for the first time at the March 13th hearing.

## Analysis

The HOT lanes statute under which Defendant is charged permits the Commonwealth Transportation Board to designate conditions for use of high-occupancy toll lanes. Va. Code § 33.1-56.2. Those conditions, and

consequences for violating those conditions, are set out in Va. Code § 33.1-56.3, which permits the HOT lanes Operator, Transurban, to execute a summons for civil violation of the section. Upon a finding by the Court that a driver is in violation of this section, the Court is required to "impose a civil penalty upon the driver" in increasing amounts for increasing numbers of penalties. Va. Code § 33.1-56.3(C)(2).

Transurban argues that the HOT lanes statute is civil on its face and in its application, therefore it is governed by the two year civil statute of limitations set out in Va. Code §§ 8.01-243 and 8.01-248. Defendant opposes that and asserts that the HOT lanes charges fall under Va. Code § 19.2-8, which requires "prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty, or amercement" be brought within one year, pointing out that the HOT lanes statute subsection (C)(3) refers to imputation of a "civil penalty" for violations. In response, Transurban argues that because this is a civil matter between two non-government parties, it is not a "prosecution," and thus Va. Code § 19.2-8 does not apply.

While this may be an action with only civil penalties, Transurban is prosecuting violators of the HOT lanes statute in the shoes of the Commonwealth. Government actors, such as the Commonwealth, frequently bring prosecutions for civil fines and penalties. *See, e.g., Abramski v. United States,* 134 S. Ct. 2259, 2270 (2014) (addressing a federal criminal statute imposing criminal and civil penalties). This Court can find no case law on "civil penalties" recovered from one private entity by another, as the law commonly refers to such amounts as "damages." Furthermore, the Code provides that Transurban personnel are "considered conservators of the peace for the sole and limited purpose of mailing such summons" for civil violations of the HOT lanes statute. Va. Code § 33.1-56.3(B)(3). As the alleged violations in these cases were observed by the HOT lanes Operator's photo enforcement system, and not by a law enforcement officer, Transurban was authorized to institute these actions. Va. Code § 33.1-56.3(A) and (B)(2).

Additionally, the money judgment rendered in a HOT lane's violation case is not entered as a judgment payable to Transurban, but is instead paid into the Court, and ultimately transmitted to Transurban pursuant to its agreement with Commonwealth. Although the HOT lanes statute provides that the civil penalties are "payable to the HOT lanes operator," the statute then clarifies that "[t]he court shall remand penalties, unpaid toll, and administrative fees assessed for violation of this section to the treasurer or director of finance of the county or city in which the violation occurred." Va. Code § 33.1-56.3(C)(2). The fact that the money is paid first to the Commonwealth, regardless of what portion is eventually remanded to Transurban, further supports the conclusion that an action under the HOT lanes statute is a "prosecution" resulting in a "pecuniary ... penalty" for purposes of Va. Code § 19.2-8. The limitations period for filing such

an action is therefore one year. As Transurban failed to file any of these actions within one year of the alleged violations, the actions are barred and dismissed.

As the application of the statute of limitations is dispositive, it is inappropriate for the Court to address the remaining arguments in the Motion To Strike, and particularly unwise to address in these cases the Constitutional arguments raised by Defendant.

## Conclusion

Defendant's Motion To Strike is granted on the ground of the statute of limitations, and these cases are dismissed.

REPORTER'S NOTE: This opinion is cited in *Dulles Toll Rd. v. Diggs* (2015), which is printed below at page 377.